# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 04-1373 consolidated with CW 04-1202, CW 04-1233 & CW 05-6

**DORE ENERGY CORPORATION**

**VERSUS**

**CARTER-LANGHAM, INC., ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF CAMERON, NO. 10-16202
HONORABLE H. WARD FONTENOT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**ELIZABETH A. PICKETT**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and James T. Genovese, Judges.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**

**Samuel E. Masur**
**Bart J. Hebert**
**Gordon, Alata, McCollam, Duplantis & Eagan, LLP**
**400 Kaliste Saloon Road, Suite 4200**
**Lafayette, LA 70508-2508**
**(337) 237-0132**
**Counsel for Defendant-Appellee:**
  **Carter-Langham, Inc.**

**Michael A. Chernekoff**
**Alida C. Hainkel**
**Jones, Walker, LLP**
**201 St. Charles Ave., 50th Fl.**
**New Orleans, LA 70170**
**(504) 582-8000**
**Counsel for Defendant-Appellee:**
  **Transco Exploration Co.**

**Harry T. Lemmon**
**Attorney at Law**
**650 Poydras St., Suite 2335**
**New Orleans, LA 70130**
**(504) 581-2155**
**Counsel for Plaintiff-Appellant:**
  **Dore Energy Corporation**

**Gladstone N. Jones,  III**
**Peter N. Freiberg**
**Jones, Verras & Frieberg, L.L.C.**
**601 Poydras St., #2655**
**New Orleans, LA 70130**
**(504) 523-2500**
**Counsel for Plaintiff-Appellant:**
  **Dore Energy Corporation**

**Justin Harriss Homes**
**Montgomery, Barnett, Brown, Reed, Hammond & Mintz, L.L.P.**
**1100 Poydras St.**
**New Orleans, LA 70163-3200**
**(504) 585-3200**
**Counsel for Defendant-Appellee:**
  **Curtis Weaver**

**Chad Ellis Mudd**
**Mudd & Bruchhaus**
**Attorney at Law**
**148 Smith Circle**
**Cameron, LA 70631**
**(337) 776-5063**
**Counsel for Defendant-Appellee:**
  **Prospective Investment & Trading Co., Ltd. (PITCO)**

**Ernest L. Edwards, Jr**
**B. Richard Moore, Jr.**
**Michael Donald**
**Lemle & Kelleher, L.L.P.**
**Pan-American Life Center**
**Poydras Street, 21ˢᵗ Floor**
**New Orleans, LA 70130**
**(504) 586-1241**
**Counsel for Defendant-Appellee:**
  **Prospective Investment & Trading Co., Ltd. (PITCO)**

**Patrick W. Gray**
**Lawrence P. Simon, Jr.**
**Thomas M. McNamara**
**George Arceneaux, III**
**Liskow & Lewis**
**822 Harding Street**
**P. O. Box 52008**
**Lafayette, LA 70505**
**(337) 232-7424**
**Counsel for Defendants-Appellees:**
  **Exxon Mobil Corporation**
  **Samedan Oil Corporation**

**PICKETT, Judge.**

The plaintiff, Dore Energy Corporation, appeals a judgment of the district court granting the defendants' exception of prematurity and dismissing its petition without prejudice. For the following reasons, we affirm in part, reverse in part, and remand.

## STATEMENT OF THE CASE

Dore Energy owns approximately 18,000 acres of land in Cameron Parish. In 1927, Dore's predecessor as owner, Cameron Meadows Land Company, granted a mineral lease to H. M. Henshaw (the "Henshaw lease"). Mineral operations began on the property in 1931, and continue on a portion of the property at the present time.

The plaintiff instituted this suit against seventeen corporations and one individual who had "at various times conducted oil and gas exploration and production operations" on the property owned by the plaintiff. Dore Energy alleged the defendants have caused damage to the property and asserted six "Causes of Action" in the original petition: a Claim for Damages for Negligence, a Claim for Damages for Breach of Contract, a Claim for Restoration under the Mineral Code, a Claim for Exemplary Damages, a Claim for Damages for Trespass, and a Claim for Maritime Tort. Dore Energy sought general and punitive damages as well as the costs associated with cleaning up and restoring the land. In its First Amended and Supplemental Petition, Dore Energy added four additional defendants, and made more specific allegations concerning the alleged conduct of each individual defendant. Many of the defendants (PITCO, Samedan, Exxonmobil, Mobil Oil, Socony, Transco, Curtis Weaver, Carter-Langham, Inc., and Foreman) filed Exceptions of Prematurity, alleging that since the Henshaw lease is still in effect, any action against the defendants for their past or current involvement in the lease is premature. The trial court granted those defendants' exceptions and dismissed them without prejudice in

a judgment dated January 29, 2004. Dore Energy filed a Motion for New Trial, which the trial court denied on May 5, 2004. This appeal followed.

Currently, this court has pending before it three supervisory writ applications with issues common to the instant appeal: *Texaco Exploration and Production, Inc. v. Hilcorp Energy Co.*, unpublished writ dispositions bearing docket numbers 04-1202 and 04-1233 (La.App. 3 Cir. 12/21/04), and *Broussard v. Hilcorp Energy Co.*, an unpublished writ disposition bearing docket number 05-6 (La.App. 3 Cir. 2/2/05). The relators in these three applications for supervisory writs, holders of mineral or surface leases, seek relief from judgments denying exceptions of prematurity in suits brought by owners/lessors. In granting the applications, this court consolidated, for purposes of argument only, all three with this appeal.

## ASSIGNMENTS OF ERROR

The appellant, Dore Energy, alleges five assignments of error:

1.  The district court erred granting the exception of prematurity because the obligation to maintain the leased premises exists during the term of the lease, and the obligation to restore the premises arises when operations cease and not when the mineral lease expires.

2.  The district court erred by relying [on] *Corbello* [*v. Iowa Production*, 02-826 (La. 2/25/03), 850 So.2d 686], which is not authority for a mineral lessee to delay maintenance and restoration beyond cessation of operations.

3.  The district court erred because the landowner's correlative rights prevent the mineral lessee from using more of the leased premises than is necessary for its operations, and require that the mineral lessee maintain the premises in an environmentally safe manner.

4.  The district court erred because *Corbello* does not control or apply to Dore's delictual actions.

5.  The district court ignored sound public policy and its decision will allow damages to continue and become harder and more expensive to correct as time passes until the mineral lease expires.

2

## DISCUSSION

The trial court in this case dismissed the action without prejudice because it found that the suit is premature before the term of the lease expires. The exception of prematurity is a dilatory exception. La.Code Civ.P. art 926. Article 423 of the Code of Civil Procedure states (emphasis added):

> An obligation implies a right to enforce it which may or may not accrue immediately upon the creation of the obligation. When the obligation allows a term for its performance, the right to enforce it does not accrue until the term has elapsed. If the obligation depends upon a suspensive condition, the right to enforce it does not accrue until the occurrence or performance of the condition.
>
> **When an action is brought on an obligation before the right to enforce it has accrued, the action shall be dismissed as premature, but it may be brought again after this right has accrued.**

The first circuit explained the purpose of the exception of prematurity in *Plaisance v. Davis*, 03-767, p.6-7 (La.App. 1 Cir. 11/7/03), 868 So.2d 711, 716 (citations omitted):

> Louisiana Code of Civil Procedure article 926 A(1) provides for the dilatory exception raising the objection of prematurity. Such an objection is intended to retard the progress of the action rather than to defeat it. A suit is premature if it is brought before the right to enforce the claim sued on has accrued. Prematurity is determined by the facts existing at the time suit is filed. The objection of prematurity raises the issue of whether the judicial cause of action has yet come into existence because some prerequisite condition has not been fulfilled. The objection contemplates that the action has occurred prior to some procedure or assigned time, and it is usually used in cases wherein the applicable law or contract has provided a procedure for one aggrieved of a decision to seek relief before resorting to judicial action.

In the instant case, the trial court relied on language in *Corbello*, 850 So.2d 686, 703:

> The duty to repair the leased premises does not arise until the lease expires, at which time the lessee must return the property in good order. The 1929 mineral lease is still in effect and is not the subject of this

3

litigation. Thus, even the present leaseholder does not yet have a duty to repair under the terms of that lease.

The appellant correctly points out that this language is *dicta* because the jury had already found that there were no damages, so it was unnecessary to make this statement. Furthermore, as the supreme court pointed out in *Corbello* and in its recent decision in *Terrebone Parish School Board v. Castex Energy, Inc.*, 04-968, p.13 (La. 1/19/05), 893 So.2d 789, 798:

> This court's recent decision in *Corbello*, 850 So.2d at 694, also involved an express lease provision obligating the lessee, upon termination of the lease, to "reasonably restore the premises as nearly as possible to their present condition." The court emphasized that the lease terms constituted the law between the parties, and specifically relied upon general principles of contract interpretation to find that the defendant was required to restore the surface to its original condition regardless of the underlying value of the land. *Id.* at 693-94.

The distinguishing factor in the instant case is that there is no allegation or argument that the mineral lease includes any language regarding a duty to restore the property. Thus, we must look to the statutory language applicable to mineral leases and the duties imposed on mineral lessees. Louisiana Revised Statutes 31:122 provides:

> A mineral lessee is not under a fiduciary obligation to his lessor, but he is bound to perform the contract in good faith and to develop and operate the property leased as a reasonably prudent operator for the mutual benefit of himself and his lessor.

Regarding an implied duty in La.R.S. 31:122 to restore the surface of the leased premises, the supreme court stated in *Terrebone Parish School Board*, 893 So.2d at 799, that this court, in

> *Rohner v. Austral Oil Co.*, 104 So.2d 253 (La.App. 3 Cir.1958), properly articulated the rule concerning the scope of any implied duty to restore the surface. The plaintiff in *Rohner* sought damages of $250 per acre to four acres of his property that he claimed were damaged by the defendant lessee's placement of a drilling rig and turnaround, and the

4

digging of pits necessary to drill a well. *Id.* at 255. The court stated the relevant rule governing a lessee's obligation to restore the surface as follows:

> Unless provided for in the lease, the lessee is not responsible for damages which are inflicted without negligence upon the lessor's property in the course of necessary drilling operations. Moreover when the damaging of the lessor's property by the mineral lessee is not negligent per se, the lessor must prove that the injury was caused by unreasonable or negligent operations of the lease.

*Id.* (citing William O. Bonin, Comment, *Mines and Minerals-Oil and Gas-Surface Rights of Lessor and Mineral Lessee*, 26 TUL. L.REV. 522, 523 (1952)). Applying this rule, the court denied recovery, finding that the plaintiff had not shown that his land was damaged due any negligent or unreasonable operations by the defendant. *Id.* Rather, the damage to the plaintiff's land was attributable solely to "the ordinary, customary, and necessary acts which must be done by a drilling company in order to put down a well." *Id.*

Ultimately, the supreme court held that "in the absence of an express lease provision, Mineral Code article 122 does not impose an implied duty to restore the surface to its original, pre-lease condition absent proof that the lessee has exercised his rights under the lease unreasonably or excessively." *Terrebone Parish School Board*, 893 So.2d at 801.

In the instant case, there are, however, allegations of negligent use by the mineral lessees in the petition. Thus, we must determine, assuming those allegations are true for the purposes of this exception, when the lessor, Dore Energy, can sue to enforce the lessees' obligation to restore the land. Dore Energy argues it can file suit during the term of the lease, while the lessees claim that any suit brought before the lease expires is premature.

The Mineral Code does not provide an answer to this question. When a mineral lease or the Mineral Code is silent as to an issue, mineral leases should be

5

construed pursuant to the Civil Code provisions applicable to ordinary leases. *Frey v. Amoco Production Co.*, 603 So.2d 166 (La.1992). Prior to the revisions made by the legislature in 2004, La.Civ.Code arts. 2719 and 2720 stated[1]:

Article 2719

If an inventory has been made of the premises in which the situation, at the time of the lease, has been stated, it shall be the duty of the lessee to deliver back everything in the same state in which it was when taken possession of by him, making, however, the necessary allowance for wear and tear and for unavoidable accidents.

Article 2720

If no inventory has been made, the lessee is presumed to have received the thing in good order, and he must return it in the same state, with the exceptions contained in the preceding article.

Dore Energy points out that in *Isadore v. Probe Offshore, L.L.C.*, 01-777 (La.App. 3 Cir. 12/19/01), 815 So.2d 876[2], this court held that the duty to repair damages under a mineral lease exists "upon completion of the operations," relying on the comments to La.R.S. 31:122. While some of the language in *Isadore* regarding the extent of the obligation to restore has been overruled by *Terrebone Parish School Board*, the discussion of when such a duty arises remains valid.

The defendants-lessees allege that we should treat all of Dore Energy's claims as claims for restoration couched in terms of "maintenance." They point to the restoration plan submitted by Dore Energy in its Motion for a New Trial. However,

---

[1]Pursuant to 2004 La.Acts No. 821, § 1, effective January 1, 2005, this obligation is now contained in La.Civ.Code art. 2683(3):

The lessee is bound:
. . . .
(3) To return the thing at the end of the lease in a condition that is the same as it was when the thing was delivered to him, except for normal wear and tear or as otherwise provided hereafter.

[2]The supreme court granted a writ of certiorari in this case at 02-36 (La. 4/12/02), 812 So.2d 659, but the case was dismissed on joint motion of the parties before an opinion was rendered.

6

we must look to the petitions to determine the claims made by Dore Energy. To the extent that they involve either a prayer to maintain the leased land as a reasonably prudent operator as required under La.R.S. 13:122, or to restore land upon which operations have been completed to the extent that the use of such land was negligent, the exceptions of prematurity must be overruled. To the extent that Dore Energy's claims involve the defendants'-lessees' obligation to restore lands on which operations are ongoing, the claims are premature.

## CONCLUSION

Dore Energy's claims for negligence, breach of contract, exemplary damages, damages for trespass and maritime tort are not premature, and the exception of prematurity is overruled as to those claims. Dore Energy's claim for restoration is premature, and insofar as the judgment of the trial court dismissed those claims without prejudice, it is affirmed. The matter is remanded to the trial court for further proceedings. Dore Energy is cast with half of the court costs; the defendants-appellees are cast in solido with half the court costs.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**