# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-1207


**DANIEL A. HARDEE, III, ET AL.**

**VERSUS**

**ATLANTIC RICHFIELD, ET AL.**


************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 2004-2319, DIVISION "B"
HONORABLE RICK BRYANT, DISTRICT JUDGE

************

## JIMMIE C. PETERS
## JUDGE

************

Court composed of Jimmie C. Peters, Michael G. Sullivan and Glenn B. Gremillion, Judges.


**REVERSED AND REMANDED.**


**Donald T. Carmouche**
**Victor L. Marcello**
**John H. Carmouche**
**Kenneth Jay DeLouche**
**William R. Coenen, III**
**Talbot, Carmouche & Marcello**
**214 W. Cornerview**
**Post Office Box 759**
**Gonzales, LA 70707-0759**
**(225) 644-7777**

**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
     **Daniel A. Hardee, III, et al.**

**Grady J. Abraham**
**Attorney at Law**

**120 E. Third Street**
**Post Office Drawer 2309**
**Lafayette, LA 70502-2309**
**(337) 234-4523**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Daniel A. Hardee, III, et al.**

**Harry T. Lemmon**
**650 Poydras Street, Suite 2335**
**New Orleans, LA 70130**
**(504) 581-5644**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Daniel A. Hardee, III, et al.**

**John R. DeRosier**
**DeRosier Law Firm**
**125 W. School Street**
**Post Office Box 4902**
**Lake Charles, LA 70605**
**(337) 474-0820**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Daniel A. Hardee, III, et al.**

**Richard E. Gerard, Jr.**
**Scofield, Gerard, Singletary & Pohorelsky**
**Post Office Box 3028**
**Lake Charles, LA 70602**
**(337) 433-9436**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Appearing by consent on behalf of Marathon Oil**
    **Company and the following Defendants/Appellees:**
    **Union Oil Company of California**
    **Triumph Energy, Inc.**
    **Petroleum Engineers, Inc.**
    **Proton Energy, L.L.C.**
    **Siesta Oil and Exploration Company, Inc.**
    **BP America Production Successor in Interest to**
    **Atlantic Richfield Company**
    **Saxon Energy, Inc.**
    **Great Southern Oil & Gas Company, Inc.**
    **Billingsley Engineering Company**

PETERS, J.

The plaintiffs[1] are property owners in the Gueydan Oil Field in Vermilion Parish, Louisiana. They filed suit to recover damages from seventeen oil companies[2] who operate well sites in that field and have appealed a trial court judgment granting exceptions of prematurity filed by some of the defendant oil companies. In granting the exceptions, the trial court dismissed all of the plaintiffs' claims against all of the defendants, but without prejudice. For the reasons that follow, we reverse the judgment granting the exceptions and remand the matter to the trial court for further proceedings.

## DISCUSSION OF THE RECORD

On April 8, 2004, the plaintiffs filed this suit in Calcasieu Parish, Louisiana, seeking to recover damages they claim to have suffered as a result of the named defendants' operation of over one hundred well sites on several tracts of land located in the Gueydan Oil Field. They claimed damages under several theories of recovery, including contract, tort, and the Louisiana Mineral Code, and asserted that the defendants were solidarily liable.

In their petition, the plaintiffs alleged that they "own[,] reside [on] and/or use" their individual property and that they derive their individual rights in the litigation

---

[1]The plaintiffs were originally six in number: Daniel A. Hardee, III, Velma Humble Hebert, Doris M. Humble, Margaret Humble Lantz, David Simon, and Stansel Properties L.L.C. However, after the appeal was filed, three of the plaintiffs (Velma Humble Hebert, Doris M. Humble, and Margaret Humble Lantz) moved to have the appeal dismissed as to themselves. Pursuant to that request, this court executed a judgment of partial dismissal.

[2]The seventeen defendants were Atlantic Richfield Company, B. M. Oil, Inc., Triumph Energy, Inc., Petroleum Engineers, Inc., Siesta Oil and Exploration Company, Inc., Billingsley Engineering Company, Great Southern Oil & Gas Company, Inc., Fortune Gas and Oil, Inc., Devon Louisiana Corporation, Proton Energy, L.L.C., Pharaoh Oil & Gas, Incorporated, Union Oil Company of California, Kaiser-Francis Oil Company, The Exploration Company of Louisiana, Inc., Saxon Energy, Inc., Marathon Oil Company, and Vincent & Welch, Inc. Two defendants, Fortune Gas and Oil, Inc. and Devon Louisiana Corporation (identified also as Devon Energy Production Company, L.P. in the record), have been dismissed from the litigation.

from "certain oil, gas and mineral leases between plaintiff and defendants, or own[] property contaminated by the oil and gas activities conducted or controlled by one or more of the defendants." The petition further asserted that, by their conduct or control pursuant to the mineral leases at issue, the defendants had contaminated or otherwise damaged the property belonging to the plaintiffs. According to the plaintiffs' pleadings, the contamination or damage was caused by the improper disposal of oilfield wastes and this conduct caused the soil, surface water, and groundwater on their individual properties to be contaminated. Furthermore, the plaintiffs asserted that "[r]ather than remove these substances during and after oil and gas exploration and production activities" the defendants "chose to conceal and cover up this contamination." The defendants' actions and inactions, according to the plaintiffs, have allowed the contamination to migrate and spread throughout the properties at issue and the contamination will continue to occur in the future absent remedial action. In pleading the conduct of the defendants and the damage sustained as a result thereof, the plaintiffs used such terms and phrases in their pleadings as "contamination," "pollution," "knew or should have known," "actively concealed from plaintiffs," and "ongoing migration of this oilfield waste."

The plaintiffs based their right of recovery on both contract and tort theories. Specifically, in support of their claims, they point to the language of the mineral leases; the provisions of the Louisiana Mineral Code, particularly the "prudent operator" requirement of La.R.S. 31:122; the Louisiana Civil Code articles dealing with leases, particularly La.Civ.Code arts. 2719 and 2720; and La.Civ.Code art. 2315 as it relates to their claim in tort.

2

The various defendants individually responded to the petition by filing either answers or exceptions, with some of the defendants filing dilatory exceptions of prematurity. On October 12, 2004, the trial court held a hearing on, among other matters, the exceptions of prematurity. With regard to that exception, most of the defendants sought relief on two specific grounds: First, they asserted that the plaintiffs had failed to exhaust their administrative remedies before the Louisiana Office of Conservation or the Department of Environmental Quality, and, second, they asserted that the plaintiffs' rights will arise only upon termination of the mineral leases at issue. At the hearing on the exceptions, those defendants abandoned the first ground, but argued the second.

On November 10, 2004, the trial court filed written reasons for judgment granting the exceptions of prematurity and on December 17, 2004, executed a judgment to that effect, dismissing the plaintiffs' demands against all the defendants. In its judgment, the trial court specifically found that, because of its ruling on the exceptions of prematurity, "all remaining motions and exceptions are moot." After the trial court rejected the plaintiffs' request for a new trial, they perfected this appeal. The primary issue on appeal involves determining the point at which a property owner can bring an action against a mineral lessee to recover for property damages caused by the actions or inactions of the mineral lessee.

**OPINION**

The dilatory exception of prematurity provided for in La.Code Civ.P. art. 926(A)(1) raises the question of whether the cause of action has matured to the point where it is ripe for judicial determination. *Williamson v. Hosp. Serv. Dist. No. 1 of Jefferson*, 04-0451 (La. 12/1/04), 888 So.2d 782. Its function is to assert that a

3

judicial cause of action does not yet exist because of some unmet prerequisite condition. *Steeg v. Lawyers Title Ins. Corp.*, 329 So.2d 719 (La.1976). The action is premature when it is brought before the right to enforce it has accrued. La.Code Civ.P. art. 423.

When a dilatory exception is tried, "evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." La.Code Civ.P. art. 930. The defendant pleading the exception of prematurity has the burden of establishing that the action is premature. *Cook v. AAA Worldwide Travel Agency*, 360 So.2d 839 (La.1978).

In the matter now before us, the defendants introduced no evidence in support of their exception. Therefore, we must look to the petition alone to determine whether the objection of prematurity was properly granted. *See Williamson*, 888 So.2d 782; *Dore Energy Corp. v. Carter-Langham, Inc.*, 04-1202, 04-1233, 04-1373, 05-0006 (La.App. 3 Cir. 5/4/05), 901 So.2d 1238, *writs denied*, 05-1484, 05-1493, 05-1496, 05-1492, 05-1503, 05-1521, 05-1576, 05-1577, 05-1582 (La. 1/9/06), 918 So.2d 1042, 1043, 1044, 1045, 1046, 1047. Based on our review of the record before us, we conclude that an examination of the petition alone does not establish that the action is premature.

We first note that, although the petition does not allege that the mineral leases at issue were terminated before the plaintiffs filed suit, neither does it allege that the leases are still in effect. The petition does, however, routinely allege that the damages were caused by past operations. The petition's regular use of the past tense in its allegations of damage indicates that the activities causing the damage are no longer taking place. While there are allegations that "the continuous and ongoing migration

4

of this oilfield waste is causing new and ever increasing damage to plaintiffs' property, and such damages will continue until such time as these wastes are removed and remediated," these allegations pertain to activities originating in the past and cannot be construed to mean that there is current lease activity on the property. The tenor of the petition is that all operations have ceased, but the issue is not entirely free from doubt.[3] Thus, the petition being unclear on the prematurity issue of whether the leases have terminated, "the grounds thereof do not appear from the petition," and the defendants had the burden of introducing evidence to support their position. *See* La.Code Civ.P. art. 930.

While they did not introduce any evidence at the hearing on the exceptions, the defendants point to an attachment to their joint memorandum filed in opposition to the plaintiffs' motion for new trial as evidence of the continued operations on the property at issue. The attachment is a downloaded list of wells from a website posted by the Louisiana Department of Natural Resources which purports to show eleven of the 102 wells identified in the plaintiffs' petition as still producing. However, the defendants did not introduce this at the hearing on the exceptions, and its belated appearance as an attachment to a brief is not evidence. In any event, the list is unreliable as it is not identified by website citation, including its dates of posting or last revision.

Even assuming that some wells subject to the leases at issue are still producing, we find no merit in the defendants' primary argument that the plaintiffs' cause of action does not arise in any event until after the leases are terminated. The trial court

---

[3]Vagueness was among the exceptions filed. At the hearing, the defendants argued vagueness as vigorously as they did the exception of prematurity. However, the trial court's ruling mooted the vagueness exception.

5

agreed with the defendants, relying on the following language from the supreme court's decision in *Corbello v. Iowa Production*, 02-826, p. 23 (La. 2/25/03), 850 So.2d 686, 703, to the effect that "[t]he duty to repair the leased premises does not arise until the lease expires, at which time the lessee must return the property in good order." We find that the trial court erred in its reliance on the language in *Corbello* as it applies to the matter now before us. Instead, we find that our recent decision in *Dore Energy Corp.*, 901 So.2d 1238, is dispositive of the issues now before us.

The *Dore* litigation arose in Cameron Parish, Louisiana, and involved claims for damage associated with mineral operations. The plaintiff asserted in its petition that the defendants (seventeen corporations and one individual) had conducted oil and gas exploration and production operations on its property consisting of 18,000 acres of land under one mineral lease and that their operations had caused damage to the property. The plaintiff sought damages based on negligence, breach of contract, restoration under the Louisiana Mineral Code, exemplary damages, trespass, and maritime tort.

When the plaintiff in *Dore* filed its suit, mineral operations were continuing on a portion of the property, and, as in the case presently before us, some of the defendants filed exceptions of prematurity, raising the same argument now before us in the instant litigation. They too relied on the supreme court's language in *Corbello,* 850 So.2d 686, and the trial court agreed. The plaintiff appealed the grant of the exception, assigning essentially the same errors that are before us in the instant litigation.

This court reversed the trial court's grant of the exception of prematurity, but only in part. In doing so, this court noted that the language cited above from

6

*Corbello* was dicta and further noted that the supreme court clarified that statement in *Terrebonne Parish School Board v. Castex Energy, Inc.*, 04-968, p. 13 (La. 1/19/05), 893 So.2d 789, 798 (quoting *Corbello*, 850 So.2d at 694), by explaining that the *Corbello* decision "involved an express lease provision obligating the lessee, upon termination of the lease, to 'reasonably restore the premises as nearly as possible to their [condition at the beginning of the lease].'" In other words, the *Corbello* decision was based on "general principles of contract interpretation." *Id.*

Finding no allegation in the plaintiff's petition suggesting that the mineral lease contained any contractual language regarding a duty to restore the property, this court in *Dore* then turned its attention to the duties statutorily imposed by La.R.S. 31:122, which provides as follows:

> A mineral lessee is not under a fiduciary obligation to his lessor, but he is bound to perform the contract in good faith and to develop and operate the property leased as a reasonably prudent operator for the mutual benefit of himself and his lessor. Parties may stipulate what shall constitute reasonably prudent conduct on the part of the lessee.

In considering the duty imposed by La.R.S. 31:122, this court stated the following:

> Regarding an implied duty in La.R.S. 31:122 to restore the surface of the leased premises, the supreme court stated in *Terrebonne Parish School Board*, 893 So.2d at 799, that [the] court, in
>
>> *Rohner v. Austral Oil Exploration Co.*, 104 So.2d 253 (La.App. [1] Cir.1958), properly articulated the rule concerning the scope of any implied duty to restore the surface. The plaintiff in *Rohner* sought damages of $250 per acre to four acres of his property that he claimed were damaged by the defendant lessee's placement of a drilling rig and turnaround, and the digging of pits necessary to drill a well. *Id.* at 255. The court stated the relevant rule governing a lessee's obligation to restore the surface as follows:
>>
>>> Unless provided for in the lease, the lessee is not responsible for damages which are inflicted without negligence upon the lessor's property in the course

7

of necessary drilling operations. Moreover when the damaging of the lessor's property by the mineral lessee is not negligent per se, the lessor must prove that the injury was caused by unreasonable or negligent operations of the lease.

*Id*. (citing William O. Bonin, Comment, *Mines and Minerals-Oil and Gas-Surface Rights of Lessor and Mineral Lessee*, 26 TUL. L.REV. 522, 523 (1952)). Applying this rule, the court denied recovery, finding that the plaintiff had not shown that his land was damaged due [to] any negligent or unreasonable operations by the defendant. *Id*. Rather, the damage to the plaintiff's land was attributable solely to "the ordinary, customary, and necessary acts which must be done by a drilling company in order to put down a well." *Id*.

Ultimately, the supreme court held that "in the absence of an express lease provision, Mineral Code article 122 does not impose an implied duty to restore the surface to its original, pre-lease condition absent proof that the lessee has exercised his rights under the lease unreasonably or excessively." *Terrebonne Parish School Board*, 893 So.2d at 801.

*Dore Energy Corp.*, 901 So.2d at 1241-42 (alteration in original).

This court in *Dore* then proceeded to the procedural issue before it, i.e., the determination of when the lessor could sue to enforce the lessees' obligation to restore the land under the pleadings in that case. With regard to that issue, this court acknowledged that the Louisiana Mineral Code does not provide a specific answer. However, this court concluded that, while the duty of the lessee to restore the land to its former state, reasonable wear and tear excepted, was an obligation not due until completion of operations, the claims for negligence, breach of contract, exemplary damages, damages for trespass, and maritime tort arising from the lessee's obligation to maintain the leased land as a reasonably prudent operator as required under La.R.S. 31:122 did not have to wait until completion of operations to be heard.

8

We agree with this court's decision in *Dore* in its application of the jurisprudence to the pleadings before it. Applying that law to the pleadings now before us, we too advert to *Terrebonne Parish School Board* for guidance and quote again from that case its holding relied on by *Dore* that, "in the absence of an express lease provision, Mineral Code article 122 does not impose an implied duty to restore the surface to its original, pre-lease condition absent proof that the lessee has exercised his rights under the lease unreasonably or excessively." *Terrebonne Parish Sch. Bd.*, 893 So.2d at 801.

Applied to the petition before us, this means that if the defendants have exercised their rights under the leases unreasonably or excessively, La.R.S. 31:122 impliedly imposes the duty of restoration even if there is no express lease provision requiring restoration. This has two consequences in the present case. First, because the petition alleges that the defendants exercised their rights under the lease unreasonably and excessively, the petitioners have alleged a violation of the implied statutory obligation of the defendants under that statute. Second, having alleged specific conduct that violates the lease obligation, the plaintiffs have the right to proceed to trial and prove, if they can, that the defendants have in fact violated the terms of the lease, as well as their statutory obligations under the Louisiana Mineral Code and the Louisiana Civil Code. It is a matter of a defense on the merits, and not an objection to the petition as being prematurely filed, that by the terms of the lease and whatever specific rights may have been granted to the lessees therein, the petitioners gave their assent to the alleged changes in the property or that it was "'worn and torn'" in the manner the parties' contemplated. *See Terrebonne Parish Sch. Bd.*, 893 So.2d at 800. If such a defense exists, however, it is not the

9

responsibility of the plaintiffs to anticipate that defense and plead against it at the risk of the petition being found premature for failure to so plead.

For these reasons, we reverse the exceptions of prematurity in their entirety. The *Dore* panel, which affirmed the exception only in part, was faced with the formidable task of framing an appellate response to one appeal and three writ applications, each presenting common legal questions; however, in only one, the appeal, did the court mention the allegations of fact—and those only to the extent necessary to make its ruling. The opinion does not state the pleaded facts in the writ cases. This court in *Dore* decided that, to the extent the claims involved either a prayer to maintain the leased land as a reasonably prudent operator as required under La.R.S. 31:122, or to restore land upon which operations had been completed to the extent that the use of such land was negligent, the exceptions of prematurity should be overruled. This overruling applied to the plaintiff's claims for both negligence and breach of contract. This court felt that the only claims that were premature were those that involved the obligation of the defendants-lessees to restore lands on which operations were ongoing. While this was technically an affirmation of the prematurity finding as to a non-specific part of the plaintiff's demands in the consolidated matters, it perhaps had little practical significance, as the affected parts of the demands might have to await a merits evaluation to ascertain to what extent any claim was premature. The only one of the two rulings of the court in *Dore* having practical application was the overruling of the exception of prematurity.

In our present case, we deem it unnecessary to rule that the trial court might have been correct to some extent in sustaining the exceptions. As a practical matter, the extent to which the trial court may have been correct can be determined only by

10

a trial on the merits because the full facts necessary for such a determination can be revealed only by a trial on the merits. We accordingly reverse the judgment in its entirety and remand the matter for further proceedings.

## DISPOSITION

For the foregoing reasons, the judgment of the trial court is reversed, the exceptions of prematurity are overruled, and the case is remanded to the trial court for further proceedings. The defendants-appellees will pay the costs of this appeal.

**REVERSED AND REMANDED.**