NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 06-1546


TERRELL DEWIGHT FOWLER

VERSUS

DONALD CARL HODGE, SR. AND EVIA FOWLER


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 94-547
HONORABLE GUY ERNEST BRADBERRY, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Michael G. Sullivan, Judges.


**AFFIRMED IN PART, VACATED IN PART AND REMANDED.**

**William J. Cutrera**
**Attorney at Law**
**910 Ford Street**
**Lake Charles, LA 70601**
**(337) 433-1414**
**Counsel for Plaintiff/Appellee:**
**Terrell DeWight Fowler**

**Robert Michael McHale, Jr.**
**Attorney at Law**
**631 Kirby Street**
**Lake Charles, LA 70601**
**(337) 990-0093**
**Counsel for Plaintiff/Appellee:**
**Terrell DeWight Fowler**


**Donald Carl Hodge, Jr.**
**Attorney at Law**
**2258 Belfield Road**
**Lake Charles, LA 70611**
**(337) 794-8873**
**Counsel for Defendant/Appellant:**
**Evia Hodge**

**SAUNDERS, Judge.**

This is a request for a suspension of child support. The father is paying child support to the mother of his one child, of whom they share joint custody. He claims that since the judgment awarding the mother monthly child support he is to pay her, their only child has come to live with him, and as a result, he is paying for 100% of the child's needs. As such, the father claims to be entitled to a suspension of child support payments he owes to the mother due to these material changes in their circumstances.

The mother filed exceptions of no cause of action, prematurity and non-joinder of a party, all of which were denied by the trial court. The trial court then found that due to the facts alleged in the father's petition, he was entitled to a suspension of child support payments. The mother appeals the trial court's denial of her exceptions of no cause of action and prematurity. She also appeals the trial court's granting of the father's underlying motion to suspend child support. We affirm the trial court's decision to deny the mother's exceptions, vacate the trial court's judgment granting the father's underlying motion, and remand the case to the trial court for further proceedings on the merits of the father's motion. We split all costs of appeal evenly between mother and father.

**FACTS AND PROCEDURAL HISTORY:**

David Craig Hodge (hereinafter "David") was born on October 27, 1988. Terrell Dewight Fowler (hereinafter "Terrell") successfully brought a filiation action establishing his paternity of David. David's mother is Evia Hodge Fowler (hereinafter "Evia").

On April 14, 1997, the Family Court entered a judgment awarding joint custody to Terrell and Evia, with Evia designated as the domiciliary parent. On December 12,

1997, a standing order of child support was issued that ordered Terrell to pay Evia $1,320.00 per month for David's support.

On December 6, 2005, Terrell filed a motion to suspend child support payments to Evia for David. Terrell based his motion on two allegations of material changes in the circumstances of the parties: (1) that David, now 17 years old, was living with him in his home and (2) that he was providing 100% of David's needs.

In response, on January 11, 2006, Evia filed three exceptions: (1) prematurity, (2) no cause of action and (3) non-joinder of a party under Article 641. The hearing on the exceptions was scheduled for March 11, 2006. As a meeting between counsel for Evia and Terrell was taking place with the trial judge, a bomb threat occurred in the Fourteenth Judicial District Court, thereby necessitating a rescheduling of the court date.

The hearing was rescheduled for March 15, 2006. Counsel for Evia relayed to the court that he would not be able to attend on that date due to prior work scheduled for that date, but the court allowed him to submit written arguments on the merits of the exceptions filed by his client, Evia. At the March 15, 2006, hearing, after having read counsel for Evia's arguments, counsel for Terrell presented oral arguments on the merits of Evia's exceptions.

After reading counsel for Evia's argument and receiving counsel for Terrell's oral argument, the trial court denied all three of Evia's exceptions and granted Terrell's motion to suspend child support. Evia appeals the denial of her exceptions of no cause of action and prematurity and further appeals the court's granting of Terrell's underlying motion.

We affirm the trial court's ruling on Evia's exceptions, but vacate its ruling on Terrell's underlying motion and remand the case to the trial court for further proceedings on the merits of Terrell's motion. We assess the costs evenly between Evia and Terrell.

**ASSIGNMENTS OF ERROR:**

1. Did the trial court err in denying the exception of no cause of action filed by Evia, giving Terrell the right to proceed with his motion to suspend child support based on his willful violation of the custody and visitation order and where he is not the domiciliary parent?

2. Did the trial court err in denying the exception of prematurity filed by Evia, giving Terrell the right to proceed with his motion to suspend child support despite not having met requirements set forth in the joint custody plan or first seeking a change in domiciliary status?

3. Did the trial court err in granting Terrell's underlying motion to suspend child support when opposition to the motion was made and no evidence was introduced to prove a change in circumstance and where the court had previously indicated only the exceptions would be heard that day?

**ASSIGNMENT OF ERROR #1:**

Evia argues that the trial court erred in denying her exception of no cause of action thereby giving Terrell the right to proceed with his motion to suspend child support when the material changes he alleged were based on his willful violation of the custody and visitation order and where he is not the domiciliary parent. We do not agree.

An appellate court, when reviewing a lower court's ruling on an exception of no cause of action, should conduct a *de novo* review because the trial court's decision is based only on the sufficiency of the petition and the exception raises a question of law. *Indus. Cos., Inc. v. Durbin*, 02-665 (La. 1/28/03), 837 So.2d 1207. The burden of proof for the peremptory exception of no cause of action is on the exceptor. *City*

3

*of New Orleans v. Bd. of Dirs. of the La. State Museum*, 98-1170 (La. 3/2/99), 739 So. 2d 748.

When making a determination of whether an exception of no cause of action has merit, a court is to ask whether the nonexceptor has a remedy that the law extends against the exceptor under the facts alleged in the nonexceptor's pleading. If there is no remedy afforded to the nonexceptor, even if all facts alleged in the pleading are taken as true, then the pleading should be dismissed. However, if any reasonable interpretation of the pleading can be made in favor of maintaining its sufficiency, the nonexceptor should be given the chance to present evidence on the merits of the pleading. *Indus. Cos.*, 837 So.2d 1207.

In the case before us, Evia filed the peremptory exception of no cause of action in response to the motion to suspend child support filed by Terrell. The trial court denied Evia's exception. In order for us to reverse the trial court's denial of Evia's exception, we must find that after a thorough review of the record, if all the facts alleged in Terrell's motion are true, Terrell would have no basis for a suspension of child support that he had previously been ordered to pay to Evia.

Louisiana Civil Code Article 142 provides, "[a]n award for child support may be modified if the circumstances of the child or either parent materially change and shall be terminated upon proof that it has become unnecessary." Louisiana Revised Statute 9:311(A) provides, "[a]n award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a material change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award."

4

Terrell's motion alleges two facts that could constitute material changes in the circumstances of the parties. First, Terrell's motion alleges that, "[t]he minor child, David Craig Hodge, has relocated and is now and has been residing with his father, Terrell D. Fowler, since on or about the 17th of November, with the express intent to establish his permanent domicile residence with your mover." Next, Terrell's motion alleges that, "[m]over, TERRELL DEWIGHT FOWLER, is providing 100 percent of the minor child's needs." If these allegations are viewed most favorably to Terrell, then there is certainly a basis for his motion and the trial court correctly denied Evia's exception of no cause of action.

Evia argues that Terrell's motion is improper because the material change he alleges was based on his willful violation of the custody and visitation order. While this may be true, Evia's argument is more proper as an affirmative defense or an issue to be decided when evaluating the merits of Terrell's underlying motion on remand, as we do in Assignment of Error #3.

Terrell has alleged two material changes in the circumstances of the parties. If we view these allegations in a light most favorable to Terrell, we cannot conclude that he did anything to willfully violate the custody and visitation order. David was seventeen years of age. The fact that Evia and Terrell have a custody and visitation order regarding David does not necessitate that Terrell had to violate that order by influencing David in order to have David seek to live with him.

Further, David could have moved in with Terrell by an implied agreement between Terrell and Evia. While we understand that such an implied agreement must be clearly shown for the purposes of an exception of no cause of action, every reasonable interpretation of the pleading can be made in favor of maintaining its

5

sufficiency. Here, if there was an implied agreement by Terrell and Evia, then Terrell would not have violated the custody and visitation agreement by allowing David to live with him.

Moreover, the second material change alleged by Terrell can also reasonably take place without Terrell violating the custody and visitation order. Assuming Terrell is providing 100% of David's needs, this is a material fact that is sufficient to warrant a modification or suspension of child support.

All Terrell's petition has to contain to defeat Evia's exception is an allegation of a material change in the circumstances that requires a modification or suspension of child support, which it does. Because we are directed to view the petition in a light most favorable to Terrell, and given a reasonable view of the facts presented in Terrell's pleading, we must conclude that the trial court properly denied Evia's exception of no cause of action. As such, we affirm the trial court's ruling on this assignment of error.

**ASSIGNMENT OF ERROR #2:**

Evia argues that the trial court erred in denying her exception of prematurity, despite Terrell not having met requirements set forth in the joint custody plan or first seeking a change in domiciliary status. We do not agree.

Louisiana Code of Civil Procedure Article 926(A)(1) provides that the dilatory exception of prematurity asks whether the cause of action asserted by a party has matured to the point where it is developed enough for judicial determination. *Williamson v. Hosp. Serv. Dist. No. 1 of Jefferson*, 04-451 (La. 12/1/04), 888 So.2d 782. Its function is to assert that a requisite condition is yet unmet, and therefore, a judicial cause of action does not yet exist. *Steeg v. Lawyers Title Ins. Corp.*, 329

So.2d 719 (La.1976). An action is premature when it is brought forth by a party asserting a right it does not yet have the ability to enforce. La.Code Civ.P. art. 423. The party pleading the exception of prematurity has the burden of establishing that the action is premature. *Hardee v. Atlantic Richfield*, 05-1207 (La.App. 3 Cir. 4/5/06), 926 So.2d 736.

Evia first argues that Terrell's motion is premature because he did not meet the requirements set forth in their joint custody plan before first seeking judicial remedy. This argument lacks merit.

The provision that Evia cites in regard to her assertion that Terrell's motion is premature states, "Each party may seek judicial modification of this plan; however, modification. . . *excepting child support*, shall not be granted unless both parties have first consulted with recognized family counseling of mediation service for assistance in arriving at a joint modification." (Emphasis added).

Here, Terrell's motion is for suspension of child support, that which is clearly excepted from the provision Evia cites. Terrell's motion is not for a change in custody or designation as domiciliary parent. Therefore, Evia's argument lacks merit.

Second, Evia argues that Terrell's motion is premature, as he has not asked for a change in designation of domiciliary parent. There is no requirement that a party paying child support must first ask that it be designated as the domiciliary parent in order to bring an action for modification or suspension of child support payments. This argument is baseless.

While it may be true that if Terrell were asking for a judicial determination that he become the domiciliary parent for the reason of seeking child support from Evia or the like, he would first need to comply with the provision of the joint custody plan

7

cited above; however, this is not what he is asking for in his motion in the case before us. Here, Terrell is simply asking that child support be suspended due to material changes that have taken place. He did so through a motion which was ripe at the time that he brought it forward. As such, we affirm the trial court's denial of Evia's exception of prematurity.

**ASSIGNMENT OF ERROR #3:**

Evia argues that the trial court erred in granting Terrell's underlying motion to suspend child support when opposition to the motion was made because no evidence was introduced to prove a material change in circumstances and the trial court had previously indicated only the exceptions would be heard that day. After reviewing the record, we agree and find that the trial court abused its discretion.

A reviewing court must give great deference to a trial court in its determination of whether a spouse has shown a material change in circumstances that necessitates a modification or termination of child support payments, therefore, such a decision will not be disturbed absent an abuse of discretion. *Berry v. Berry*, 95-322 (La.App. 3 Cir. 10/4/95), 663 So.2d 266. The burden of proof is on the party seeking to modify the already existing order for child support to show that a change in circumstances has taken place. *Young v. Young*, 95-1154 (La.App. 3 Cir. 4/17/96), 673 So.2d 1154.

The record consists of Terrell's motion, Evia's exceptions, argument on the merits of those exceptions, and Evia's responsive pleading to Terrell's motion. It contains no evidence of any kind so as to properly evaluate the veracity of Terrell's allegations.

Given the lack of evidence, we find that the trial court abused its discretion in granting Terrell's motion. Therefore, we must either conduct a *de novo* review of the

8

record or remand the case for further proceedings. Because the record lacks any evidence on the merits of Terrell's motion, we find that the interests of justice dictate that further evidence is required for the proper adjudication of the case. *Polizzi v. Thibodeaux*, 35 So.2d 660 (La.App. 1948).

As such, we vacate the trial court's judgment that Terrell is entitled to suspension of his child support duties. We remand this case for further proceedings on the merits of Terrell's motion.

**CONCLUSION:**

Evia raised three assignments of error. We affirm the trial court's determinations that Evia's exceptions of no cause of action and prematurity should be denied. We find that Evia's third assignment of error, that the trial court abused its discretion in granting Terrell's underlying motion to suspend child support, has merit, and remand the case for further proceedings regarding the motion. The costs of this appeal are to be split evenly between Evia and Terrell.

**AFFIRMED IN PART, VACATED IN PART AND REMANDED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.  Rule 2-16.3, Uniform Rules, Courts of Appeal.