# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**CA 07-1341**
**consolidated with**
**07-1340, 07-1432, 07-1433, 07-1435, 07-1479,**
**07-1480, 07-1528, 07-1529, 07-1591, and 08-35**


**JENNIFER LEAH WHITE**

**VERSUS**

**STATE FARM INSURANCE COMPANY**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2007-639
HONORABLE RICHARD BRYANT, JR., DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


**OSWALD A. DECUIR**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Oswald A. Decuir, Marc T. Amy, and Billy Howard Ezell, Judges.


**AFFIRMED.**

**Terry L. Rowe**
**Attorney at Law**
**P. O. Box 3323**
**Lafayette, LA 70502**
**(337) 232-4744**
**Counsel for Defendant/Appellant:**
    **State Farm Fire & Casualty Insurance Company**

**Robert C. McCorquodale**
**Stutes, Fontenot, Lavergne & Lutz, LLC**
**713 Kirby Street**
**Lake Charles, LA 70601**
**(337) 433-0022**
**Counsel for Plaintiff/Appellee:**
    **Jennifer Leah White**

**DECUIR, Judge.**

The defendant in these consolidated cases, State Farm Fire & Casualty Company (incorrectly referred to in these proceedings as State Farm Insurance Company), appeals an adverse decision of the trial court overruling exceptions filed by State Farm and granting the relief requested by the plaintiffs. The plaintiff in the above captioned case, Jennifer Leah White, as well as the plaintiffs in the cases consolidated herewith, are Calcasieu Parish property owners who claim they had insurance coverage in full force and effect with State Farm on September 23 and 24, 2005, when their property sustained damage as a result of Hurricane Rita. For the following reasons, we affirm the judgment rendered by the trial court in this case and in the consolidated cases as well. *See*, *Dugas v. State Farm Ins. Co.,* 07-1340 (La.App. 3 Cir. 05/ /08), ____ So.2d ____; *Abraham v. State Farm Ins. Co.,* 07-1432 (La.App. 3 Cir. 05/ /08), ____ So.2d ____; *Steele v. State Farm Ins. Co.,* 07-1433 (La.App. 3 Cir. 05/ /08), ____ So.2d ____; *Digiglia v. State Farm Ins. Co.,* 07-1435 (La.App. 3 Cir. 05/ /08), ____ So.2d ____; *Katcha, LLC v. State Farm Ins. Co.,* 07-1479 (La.App. 3 Cir. 05/ /08), ____ So.2d ____; *Hebert v. State Farm Ins. Co.,* 07-1480 (La.App. 3 Cir. 05/ /08), ____ So.2d ____; *Frankland v. State Farm Ins. Co.,* 07-1528 (La.App. 3 Cir. 05/ /08), ____ So.2d ____; *Hijazi v. State Farm Ins. Co.,* 07-1529 (La.App. 3 Cir. 05/ /08), ____ So.2d ____; *Engel v. State Farm Ins. Co.,* 07-1591 (La.App. 3 Cir. 05/ /08), ____ So.2d ____; and *Estate of Brewer v. State Farm Fire & Cas. Ins. Co.,* 08-35 (La.App. 3 Cir. 05/ /08), ____ So.2d ____, rendered this day.

The dispute before us pertains to the appraisal provisions of the State Farm insurance coverage purchased by the plaintiff. Following the destruction of Hurricane Rita, the plaintiff filed a property damage claim with State Farm seeking payment for the repair of her property. When the parties reached an impasse

regarding the cost of repairs, the plaintiff decided to avail herself of the appraisal provision articulated in her State Farm policy. The provision, of course, was drafted by State Farm:

> **4. Appraisal.** If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, disinterested appraiser. Each shall notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall than select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the **residence premises** is located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.

Pursuant to this provision, the plaintiff timely notified State Farm of her disagreement with State Farm's damage assessment and demanded appraisal. The plaintiff named Peter J. Gostyla as the appraiser. After several months with no response from State Farm, the plaintiff filed a Rule to Show Cause Why an Umpire Should Not be Appointed. State Farm filed an opposition and also filed exceptions of prematurity and improper use of summary proceedings. After a hearing, the trial court overruled the exceptions and granted the relief requested by the plaintiff.

These facts, as well as the procedural history, are essentially identical in all eleven cases which have been consolidated for this appeal. Only the identity of the property owners and the date on which they first asserted their right to appraisal vary.

On appeal, State Farm contends the trial court erred in overruling the two exceptions and in granting the requested relief. First, State Farm argues that the use of summary proceedings in this instance violates the provision of La.Code Civ.P. art. 2592, which delineates those circumstances in which summary proceedings are

appropriate. Second, State Farm contends the plaintiff's action is premature because it presupposes that a valid contract exists, which provides coverage for allegedly damaged property, none of which has yet been established. Finally, State Farm concludes with the contention that the relief granted by the trial court can be properly awarded only in an ordinary proceeding; therefore, the judgment rendered is improper and incorrect.

**1. Summary Proceeding**

Summary proceedings are defined at La.Code Civ.P. art. 2591 as "those which are conducted with rapidity, within the delays allowed by the court, and without citation and the observance of all the formalities" of ordinary proceedings. In the present case, the request before the trial court was simply for the appointment of an umpire.

The plaintiff desired to quickly resolve the damage assessment disagreement prior to the applicable prescriptive date in order to avoid unnecessary and protracted litigation and so that she could proceed with the repair of her property. The plaintiff further contends that the language of the policy clearly provides for "something less than a lawsuit;" that is, when the policy states "you or we can ask a judge . . . to select an umpire," there was no intent that a lawsuit be required. In fact, the plaintiff argues, the policy language reveals an intent to *avoid* litigation at this juncture. State Farm disagrees, arguing that the dispute before the court is essentially a contract dispute which must necessarily be brought as an ordinary proceeding.

Contract interpretation is governed by the following principles:

> [A]n insurance policy is a contract between the parties and should
> be construed using the general rules of interpretation of contracts set
> forth in the Civil Code. The judicial responsibility in interpreting
> insurance contracts is to determine the parties' common intent. Words
> and phrases used in an insurance policy are to be construed using their

3

plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning.

An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion.

*Huggins v. Gerry Lane Enterprises, Inc.*, 06-2816, p. 3 (La. 5/22/07), 957 So.2d 127, 129. (Citations omitted.) *See also, Sher v. Lafayette Ins. Co.,* 07-2441 (La. 04/08/08), ____ So.2d ____.

Louisiana Code of Civil Procedure Article 2592 lists several instances in which summary proceedings are an appropriate mechanism to resolve disputes and includes the following pertinent provisions:

Summary proceedings may be used for trial or disposition of the following matters only:

. . . .

(3) An issue which may be raised properly by an exception, contradictory motion, or rule to show cause.

(11) All other matters in which the law permits summary proceedings to be used.

The plaintiff has not brought before the court a contract dispute. Rather, the plaintiff sought to invoke a provision of a contract that can be judicially enforced. The informal language of the contract of insurance, *i.e.,* "ask a judge," was drafted by State Farm and clearly evidences an intent to avoid litigation at this stage of the dispute. The use of summary proceedings to invoke the appraisal provisions of the insurance contract was not only appropriate, but was specifically intended by the terms of the contract drafted by State Farm. Accordingly, we find no error in the trial court's ruling on this exception.

4

### 2. Prematurity

The dilatory exception of prematurity provided for in La.Code Civ.P. art. 926(A)(1) raises the question of whether the cause of action has matured to the point where it is ripe for judicial determination. Its function is to assert that a judicial cause of action does not yet exist because of some unmet prerequisite condition. The action is premature when it is brought before the right to enforce it has accrued. La.Code Civ.P. art. 423.

When a dilatory exception is tried, "evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." La.Code Civ.P. art. 930. The defendant pleading the exception of prematurity has the burden of establishing that the action is premature.

*Hardee v. Atlantic Richfield,* 05-1207, pp.3-4 (La.App. 3 Cir. 4/5/06), 926 So.2d 736, 739. (Citations omitted.)

State Farm based the dilatory exception of prematurity on its argument that the plaintiff's action presupposes a valid contract exists and which provides coverage to her allegedly damaged property. State Farm contends that because the issues of coverage and damages have neither been addressed nor established, the plaintiff's action is premature. State Farm asserts further that because the plaintiff did not select a competent, disinterested appraiser, as required by the policy, her request for the appointment of an umpire is premature.

The trial court distinguished the simple request for the appointment of an umpire from a suit for damages for breach of contract. The contract itself is not at issue. Whether the contract has been breached is not at issue. Damages resulting from a breach of contract are not at issue. The only issue before the trial court was whether to appoint an umpire. State Farm offered no proof showing why an umpire should not be appointed. Therefore, we find, as did the trial court, that there is no need to determine coverage or damages prior to invoking the State Farm policy provision calling for the appointment of an umpire after the insured asserted her right

5

to appraisal of her damages. State Farm did not meet its burden of proof, and the trial court's decision to overrule the exception of prematurity was correct.

State Farm's ancillary argument regarding the "competent and disinterested" qualifications of the plaintiff's choice of appraiser is rendered moot by the plaintiff's offer to change appraisers.

**3. Trial Court Error**

State Farm asserts the trial court was without authority to grant the requested relief in a summary proceeding. State Farm also argues that because the plaintiff's right to request an umpire has not yet accrued, the judgment appointing the umpire is both improper and incorrect. Because we have previously found no merit to either of these arguments, we conclude the trial court properly granted the relief sought by the plaintiff.

**DECREE**

For the above and foregoing reasons, the judgment appealed from is affirmed. Costs of this appeal are assessed to State Farm Fire & Casualty Company.

**AFFIRMED.**