# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 06-718

**LYDIA ELDRIDGE, ET AL.**

**VERSUS**

**HERITAGE MANOR, L.L.C., ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 219,089
HONORABLE HARRY F. RANDOW, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## J. DAVID PAINTER
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED.**

**Frederick B. Alexius**
**Jeremy C. Cedars**
**Post Office Drawer 1791**
**Alexandria, LA 71309-1791**
**Counsel for Defendant-Appellee:**
    **Community Care Center of Alexandria, L.L.C.**

**Georgia P. Kosmitis**
**Adrienne L. Mouton**
**3316 Line Avenue**
**Shreveport, LA 71104**
**Counsel for Plaintiffs-Appellants:**
    **Lydia Eldridge, et al.**

**PAINTER, Judge.**

Plaintiffs, Lydia Eldridge, individually and on behalf of her sister, Oreliea Metoyer, appeal the ruling of the district court which granted an exception of prematurity in favor of Community Care Center of Alexandria, L.L.C. (Community Care Center). The sole issue in this case is whether Plaintiffs' allegations are covered under La.R.S. 40:1299.41 et seq., the Louisiana Medical Malpractice Act (MMA), such that they must first be submitted to a medical review panel. For the reasons that follow, we affirm the ruling of the district court.

## FACTUAL AND PROCEDURAL BACKGROUND

Oreliea Metoyer was admitted to Heritage Manor on June 19, 2001. Heritage Manor of Alexandria II (incorrectly identified as Heritage Manor, L.L.C.) is a nursing home facility that is operated by Community Care Center. On November 24, 2004, Eldridge, individually and on behalf of her sister, Ms. Metoyer, filed suit against Heritage Manor and Community Care Center. The suit was styled a "Petition for Personal Injury." The suit alleges that, at the time of her admission, Ms. Metoyer was fifty-two years of age but was totally disabled due to a stroke and required twenty-four hour professional nursing care since she was "totally dependant upon the nursing staff for all activities of daily living and medical care." In that petition, Plaintiffs alleged the following:

> It will be shown that the defendant [sic], Heritage Manor, L.L.C. and
> Community Care Center[,] breached their duty and contract and
> contributed to the damages and injuries of Ms. Metoyer and petitioners
> and to the worsening of Ms. Metoyer's overall condition and
> deterioration in her status in the following ways:
>
> 1.   Failed to properly care and treat their patient;
> 2.   Failed to implement an adequate care plan to meet their patient's
>      needs;

1

3. Failed to make routine inspections and take appropriate nursing interventions;

4. Failed to provide adequate number of trained nursing staff;

5. Failed to properly monitor and respond to changes in the patient's condition, provide that information and change of status to the family and physician;

6. Failed to provide adequate skin care to prevent and treat the development of pressure sores, skin breakdown and infection;

7. Failed to provide adequate nail care, therapy, aids and devices to prevent Ms. Metoyer's fingernail from becoming embedded in her palm;

8. Failed to provide necessary range of motion exercises and other therapies and devices to prevent contractures;

9. Failed to obtain timely medical care and necessary consultations;

10. Failed to obtain and provide therapy and assistance devices and safety;

11. Breached the duties owed to petitioner in accordance with standards of care for professional practice and quality;

12. Failed to honor their contract to provide 24 hour professional skilled nursing care;

13. Failed to adhere to quality care standards and allocate proper funding for care and services to meet the needs of their patients.

More specifically, Plaintiffs alleged that Ms. Metoyer suffered events of aspiration, dehydration to the point that her mouth bled, repeated urinary tract infections due to inadequate fluid intake, decreases in her mental and physical well being, suffered a broken finger that was unexplained by the nursing staff, and had a fingernail that became entrenched in her hand due to the nursing home's failure to ensure that splints were properly utilized. Further, Plaintiffs alleged violations of La.R.S. 40:2010.8, the [Nursing Home] Residents' Bill of Rights. Based on these allegations, Plaintiffs sought damages and attorney's fees.

Defendants filed several exceptions. Heritage Manor filed an exception of no cause of action based on the allegation that Community Care Center was the licensed operator of the facility. Heritage Manor and Community Care Center filed an exception of no right of action based on the limitation of recovery found in La.R.S. 40:2010.9. Community Care Center filed an exception prematurity based on its status

as a qualified health care provider under the MMA. Following a hearing, the district court granted all of these exceptions.

Plaintiffs did not object to the dismissal of Heritage Manor, L.L.C. as they conceded that the wrong entity was named and that Community Care Center was the correct entity to be named as Defendant. Plaintiffs also agreed that their claims were only for the years 2003 and 2004, such that their recovery was limited to injunctive relief as provided by the 2003 amendments to the [Nursing Home] Residents' Bill of Rights. Plaintiffs now appeal and assert as their sole assignment of error that the district court erred in finding that their claims were premature and must be submitted to a medical review panel. The granting of the exceptions of no right of action and no cause of action in favor of Heritage Manor has not been briefed on appeal; therefore, we consider these issues to be abandoned pursuant to Rule 2-12.4 of the Uniform Rules – Courts of Appeal. For the reasons that follow, we affirm the judgment of the district court.

**DISCUSSION**

Plaintiffs denominate their claims as ones for negligence, breach of contract for services to be provided, breach of duties, and violation of rights. However, since Plaintiffs conceded that Community Care Center's exception of no right of action was correct with respect to the fact that their recovery under the [Nursing Home] Residents' Bill of Rights would be limited to injunctive relief, they argue that many of their claims were for violations of custodial duties and, thus, fall outside of the MMA.

The dilatory exception of prematurity is provided for by La.Code Civ.P. art. 926. The burden of proving prematurity is on the exceptor such that Community Care

3

Center must show that it is entitled to a medical review panel. *Williamson v. Hosp. Service Dist. No. 1 of Jefferson*, 04-451 (La. 12/1/04), 888 So.2d 782. Under the MMA, a claim for medical malpractice against a qualified healthcare provider is premature if it has not been reviewed by a medical review panel pursuant to the provisions of La.R.S. 40:1299.47. It is undisputed that Community Care Center is a qualified healthcare provider under the MMA. The sole issue in this appeal is whether Plaintiffs' claims are medical malpractice. This determination involves a question of law, which we will review *de novo* to determine whether the district court was legally correct in granting the dilatory exception of prematurity in favor of Community Care Center. *Quinney v. Summit of Alexandria*, 05-237 (La.App. 3 Cir. 6/1/05), 903 So.2d 1226.

It is well settled that the MMA applies only to malpractice as it is defined in La.R.S. 40:1299.41A(8):

> "Malpractice" means any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient, including loading and unloading of a patient, and also includes all legal responsibility of a health care provider arising from acts or omissions in the training or supervision of health care providers, or from defects in blood, tissue, transplants, drugs and medicines, or from defects in or failures of prosthetic devices, implanted in or used on or in the person of a patient.

In fashioning a standard for defining a medical malpractice claim, the supreme court has said:

> In determining whether certain conduct by a qualified health care provider constitutes "malpractice" as defined under the MMA this court has utilized the following three factors:
>
> "[1] whether the particular wrong is 'treatment related' or caused by a dereliction of professional skill,

4

[2] whether the wrong requires expert medical evidence to determine whether the appropriate standard of care was breached, and

[3] whether the pertinent act or omission involved assessment of the patient's condition."

*Sewell v. Doctors Hospital*, 600 So.2d 577, 579 n. 3 (La.1992)(quoting Holly P. Rockwell, Annotation, *What Patient Claims Against Doctor, Hospital, or Similar Health Care Provider Are Not Subject to Statutes Specifically Governing Actions and Damages for Medical Malpractice*, 89 A.L.R.4th 887, 1991 WL 741765 (1991). The latter annotation lists three additional factors that courts have considered, and we now add those to our Sewell list; to wit:

[4] whether an incident occurred in the context of a physician-patient relationship, or was within the scope of activities which a hospital is licensed to perform,

[5] whether the injury would have occurred if the patient had not sought treatment, and

[6] whether the tort alleged was intentional.

89 A.L.R.4th at 898.

*Coleman v. Deno*, 01-1517, pp. 17-18 (La. 1/25/02), 813 So.2d 303, 315-316 (footnote ommitted).

Applying the *Coleman* test to the matter before us, we conclude, as did the district court, that when reviewing the totality of the allegations of the petition in this case, these allegations fall under care, treatment, and assessment so as to require this matter to first be presented to a medical review panel. First, all of Plaintiffs' allegations are related to treatment (or lack thereof) and contain statements concerning "dereliction in professional skill." Taking the allegations of Plaintiffs' petition as true, Ms. Metoyer was admitted to the facility because she required twenty-four hour nursing care. Second, we find that expert medical testimony would be necessary to determine whether the applicable standard of care was breached with

5

respect to the care and treatment of Ms. Metoyer. This is not a case of obvious negligence or where the alleged conduct could be evaluated based on common knowledge, since the actions and/or inactions involve treatment modalties and the need therefor. Third, all of the alleged actions and/or inactions involved the assessment (or lack of assessment) of Ms. Metoyer's condition. Fourth, the allegations all involve actions and/or inactions taken within the scope of activities which Community Care Center was licensed to perform. Fifth, as the supreme court stated in *Coleman*, "[c]ommon sense indicates that a claim based on failure to provide enough treatment is clearly linked to treatment." *Id* at 318. Finally, there is no allegation that any of the alleged tortious conduct was intentional.

## DECREE

For the foregoing reasons, we conclude that the entirety of the conduct upon which Plaintiffs' base their claims against Community Care Center fits within the statutory definition of "malpractice" and is, therefore, governed by the MMA. Accordingly, the judgment of the district court is affirmed. All costs of this appeal are assessed to Plaintiffs, Lydia Eldridge, individually and on behalf of her sister, Oreliea Metoyer.

**AFFIRMED.**