# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-1114

**BERNICE P. FONTENOT, JR. AND
MYRA K. FONTENOT**

**VERSUS**

**SOUTHERN ENERGY HOMES, INC.**

**\*\*\*\*\*\*\*\*\*\***

**APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, DOCKET NO. 80418-D
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE**

**\*\*\*\*\*\*\*\*\*\***

**JAMES T. GENOVESE
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Billy H. Ezell, J. David Painter, and James T. Genovese, Judges.

**REVERSED.**

**Lamont P. Domingue**
**700 St. John Street, Suite 400**
**Post Office Box 3527**
**Lafayette, Louisiana 70502**
**(337) 232-9700**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Southern Energy Homes, Inc.**

**Barry L. Domingue**
**122 Representative Row**
**Post Office Box 52242**
**Lafayette, Louisiana 70505**
**(337) 232-2000**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Bernice P. Fontenot, Jr. and**
    **Myra K. Fontenot**

**GENOVESE, Judge.**

Defendant, Southern Energy Homes, Inc. (Southern), appeals the trial court's denial of its dilatory exception of prematurity which sought to compel arbitration prior to proceeding with the lawsuit filed by Plaintiffs, Bernice P. Fontenot, Jr. and Myra K. Fontenot (the Fontenots). For the following reasons, we reverse the trial court's judgment and render judgment sustaining Southern's exception.

## FACTS

This litigation involves a manufactured home constructed by Southern and sold by Bayou Housing, Inc.[1] to the Fontenots in 1998. On June 17, 2003, the Fontenots filed a Petition to Rescind Sale and for Damages against Southern in the Fifteenth Judicial District Court in Acadia Parish. In their petition, the Fontenots alleged that Southern was liable to them for negligent construction, breach of contract, and failure to warn them of certain defects. The Fontenots asserted that they were entitled to a recision of the sale with a return of the purchase price, reimbursement of expenses associated with the sale, attorney fees, and damages for personal injury.

On July 24, 2003, Southern filed a notice of removal to the United States District Court for the Western District of Louisiana. However, pursuant to the admission by the Fontenots that the amount in controversy did not exceed $75,000.00, Southern filed a Motion to Remand. On August 21, 2003, finding that no basis for federal jurisdiction existed in the case, the matter was remanded to the state district court in Acadia Parish.

Thereafter, in response to the Fontenots' petition, Southern filed a dilatory exception of prematurity, alleging that the Fontenots purchased their home pursuant

---

[1]Bayou Housing, Inc. is not a defendant herein.

1

to an agreement that mandates arbitration of their claims against Southern. Following a hearing in March of 2007 on Southern's exception of prematurity, the trial court rendered judgment[2] in favor of the Fontenots denying Southern's exception based upon the holding of *Abshire v. Belmont Homes, Inc.*, 04-1200 (La.App. 3 Cir. 3/2/05), 896 So.2d 277, *writ denied*, 05-862 (La. 6/3/05), 903 So.2d 458. Southern timely perfected this devolutive appeal.

## ISSUE

The issue before us is whether the trial court erred as a matter of law in denying Southern's exception of prematurity which sought to require that the Fontenots' claims be submitted to binding arbitration.

## STANDARD OF REVIEW

"Whether a court should compel arbitration is a question of law, and our appellate review of a question of law is simply to determine whether the trial court was legally correct or incorrect." *Easterling v. Royal Manufactured Housing, L.L.C.*, 07-192, p. 5 (La.App. 3 Cir. 6/6/07), 963 So.2d 399, 402 (citing *Rico v. Cappaert Manufactured Housing, Inc.*, 05-141 (La.App. 3 Cir. 6/1/05), 903 So.2d 1284).

## DISCUSSION

The evidence reveals that on March 31, 1998, the Fontenots signed a purchase agreement[3] with Bayou Housing, Inc. The front of the purchase agreement contains the following provision: "You and I certify that the additional terms and conditions printed on the other side of this contract are agreed to as a part of this agreement, the same as if printed above the signatures." The back of the purchase agreement

---

[2]There were no reasons for judgment.

[3]This purchase agreement is handwritten.

2

provides, in relevant part:

> **1. IF NOT A CASH TRANSACTION.** If I do not complete the purchase as a cash transaction, I know before or at the time of delivery of the unit purchased, I will enter into a retail installment contract and sign a security agreement or other agreement as may be required to finance my purchase.

On April 27, 1998, the Fontenots signed a second purchase agreement,[4] a document entitled "Consumer Insulation Information," a Bill of Sale, a document entitled "Manufactured Home Retail Installment Contract and Security Agreement," and a **"BINDING ARIBTRATION AGREEMENT"** which states, in pertinent part:

> All disputes not barred by applicable statutes of limitation or otherwise barred by law, resulting from or arising out of the design, manufacture, warranty or repair of the manufactured home, (including but not limited to: the terms of the warranty, the terms of this arbitration agreement and all clauses herein contained, their breadth and scope, and any term of any agreement contemporaneously entered into by the parties concerning any goods or services manufactured or provided by Southern Energy Homes, Inc.; the condition of the manufactured home; the conformity of the manufactured home to federal building standards; the representations, promises, undertakings, warranties or covenants made by Southern Energy Homes, Inc., (if any); or otherwise dealing with the manufactured home); will be submitted to **BINDING ARBITRATION**, pursuant to the provisions of 9 U.S.C. section 1, [*et seq.*] and according to the Commercial Rules of the American Arbitration Association then existing in Addison, Alabama, where Southern Energy Homes, Inc., maintains its principal place of business. . . . **THIS ARBITRATION SHALL BE IN LIEU OF ANY CIVIL LITIGATION IN ANY COURT, AND IN LIEU OF ANY TRIAL BY JURY.**

The basis for Southern's dilatory exception of prematurity is found in the provisions of these documents. According to the Fontenots, the trial court correctly found the facts of this case, and the evidence therein, analogous to *Abshire*, 896 So.2d 277, and that its ruling was legally correct. We disagree.

---

[4]The contractual language in this purchase agreement is identical to the March 31, 1998 agreement; however, this purchase agreement is typewritten.

Louisiana Revised Statutes 9:4201 provides:

> A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

Louisiana Code of Civil Procedure Article 926(A)(1) provides for the objection of prematurity to be raised by dilatory exception. The function of this exception is to raise the issue that a judicial cause of action does not yet exist because of some unmet prerequisite condition. *Hardee v. Atlantic Richfield*, 05-1207 (La.App. 3 Cir. 4/5/06), 926 So.2d 736.

> When a dilatory exception is tried, "evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." La.Code Civ.P. art. 930. The defendant pleading the exception of prematurity has the burden of establishing that the action is premature. *Cook v. AAA Worldwide Travel Agency*, 360 So.2d 839 (La.1978).

*Id.* at 739.

"The party filing the dilatory exception of prematurity, based on the existence of an agreement to arbitrate, has the burden of establishing that a valid and enforceable agreement exists." *St. Romain v. Cappaert Manufactured Housing, Inc.*, 05-140, pp. 3-4 (La.App. 3 Cir. 6/1/05), 903 So.2d 1186, 1189.

In this case, unlike *St. Romain*, there is no evidence that arbitration was not discussed with the Fontenots on the date, or dates, on which they signed the relevant documents, i.e., the handwritten purchase agreement, the security agreement, and the typewritten purchase agreement.

> In *Abshire*, 896 So.2d 277, the plaintiffs actually signed the arbitration agreement at issue in connection with their purchase of a mobile home. However, we concluded that the plaintiffs did not need

to sign the arbitration agreement in order to take delivery of their mobile home either per the purchase agreement or per the delivery agreement, both of which documents had been executed by the retailer and the plaintiffs, and not by the manufacturer. Additionally, there was no evidence in *Abshire* that the arbitration agreement formed part of the consideration for the original purchase agreement. In any event, we held that the manufacturer, who was not a party to the purchase agreement, could not unilaterally assign additional consideration for the perfection of the sale. We also observed that the provision of a warranty by the manufacturer was not shown to constitute cause or consideration for the arbitration agreement because La.R.S. 51:911.25 provides mandatory warranty rights in connection with manufactured homes, rights which a purchaser may not waive. We found that the manufacturer had failed to show that its warranty provided greater rights to the plaintiffs than those provided in La.R.S. 51:911.25. Thus, we affirmed the judgment of the trial court rejecting enforcement of the arbitration agreement.

*Id*. at 1190-91.

In the instant case, the record is void of evidence that the Fontenots did not consent to the terms of the aforementioned documents which contained binding arbitration language. Without evidence, particularly testimonial evidence, that either the arbitration agreement at issue did not form part of the consideration for the purchase agreement or that the Fontenots' consent was vitiated by some form of error, i.e., that they believed their signatures were required to ensure the delivery of their manufactured home, the *Abshire* case is clearly distinguishable and inapplicable, and the trial court's ruling cannot be sustained. Therefore, we find that the trial court was not legally correct in ruling that Southern failed to meet its burden of proving that the Fontenots' claims were premature pursuant to an agreement that mandated arbitration of their claims against Southern.

**DECREE**

For the above reasons, the trial court's judgment overruling Southern's dilatory exception of prematurity is reversed. Southern's exception is hereby sustained. Costs

5

of this appeal are assessed to Plaintiffs-Appellees, Bernice P. Fontenot, Jr. and Myra K. Fontenot.

**REVERSED.**