# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-432


MARK MCDONNELL, ET AL.

VERSUS

ARCHITECTURAL SOLUTIONS, LLC, ET AL.


\*\*\*\*\*\*\*\*\*\*

## APPEAL FROM THE
## FIFTEENTH JUDICIAL DISTRICT COURT
## PARISH OF LAFAYETTE, NO. C-20104206, DIVISION A
## HONORABLE JOHN D. TRAHAN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## J. DAVID PAINTER
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of J. David Painter, James T. Genovese, and Phyllis M. Keaty, Judges.


**AFFIRMED.**


**J. Scott Loeb**
**Jennifer C. Poirier**
**Loeb Law Firm**
**1180 West Causeway Approach**
**Mandeville, LA 70471**
**(985) 778-0220**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    **Detail Design-Build, LLC**

**William L. Melancon**
**Melancon & Associates, LLC**
**520 Roosevelt Street**
**Lafayette, LA 70503**
**(337) 233-8600**
**COUNSEL FOR PLAINTIFFS-APPELLANTS:**
    **Mark McDonnell and Marie McDonnell**

**John P. Wolff, III**
**Mary Anne Wolf**
**Virginia J. McLin**
**Keogh, Cox & Wilson, Ltd.**
**701 Main Street**
**Baton Rouge, LA 70802**
**(225) 383-3796**
**COUNSEL FOR DEFENDANT:**
    **Architectural Solutions, LLC**

**PAINTER, Judge.**

Mark McDonnell and Marie McDonnell (Plaintiffs), appeal the trial court's granting of an exception of prematurity filed by Defendant, Detail Design-Build, LLC (DDB), and dismissing their claims. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

Plaintiffs entered into two separate contracts for the construction of their new home. One contract was with Defendant, Architectural Solutions, LLC (Architectural Solutions), and was signed on September 20, 2006. No arbitration clause is contained in the contract with Architectural Solutions. The other contract was with DDB and was signed on November 26, 2007. It is not disputed that the contract with DDB contains an arbitration clause.

Plaintiffs allegedly had numerous problems after moving into their home. They filed suit against Architectural Solutions and DDB. DDB filed an exception of prematurity on the basis of the arbitration clause in their contract. A hearing on the exception of prematurity was held on October 28, 2013. Judgment granting the exception of prematurity and dismissing Plaintiffs' claims against DDB was signed on November 25, 2013. This devolutive appeal followed. Plaintiffs allege that the trial court erred in granting the exception because the arbitration clause should have been unenforceable because they did not agree to have to submit their disputes in separate forums and because DDB waived its right to demand arbitration. Plaintiffs also argue that the trial court erred in dismissing their claims against DDB instead of merely staying the proceedings and ordering them to arbitration. We find Plaintiffs' arguments to be without merit and affirm the trial court's judgment in its entirety.

## DISCUSSION

*Motion to Strike*

Architectural Solutions filed a motion to strike portions of Plaintiffs' brief that it contends are unsupported by the record. The motion was referred to the merits.

Specifically, Architectural Solutions points out the following misstatements of fact made by Plaintiffs in brief:

1. The McDonnells contracted with Architectural Solutions and DDB in 2007.

2. The McDonnells entered into a "design build" project with both Architectural Solutions and DDB.

3. Alan Broussard and Marc Thomas own both DDB and Architectural Solutions and operate the companies as a single entity.

4. Alan Broussard and Marc Thomas represented that Architectural Solutions and DDB were the same "design-build" company.

5. The insurance for design-build is a new product, hard to come by, and explains why Architectural Solutions and DDB had the McDonnells sign two separate contracts.

6. The defects that form the basis of the lawsuit, i.e., the buckled floors, were caused by Alan Broussard and Marc Thomas, and these two individuals are responsible for any defects.

7. Damages in the home are obvious.

8. Architectural Solutions and DDB have unnecessarily compounded the McDonnell's litigation costs.

We note that Plaintiffs have not made any citations to the record other than those to support the dates and titles of pleadings filed, and Plaintiffs introduced no evidence in the trial court to support their factual allegations. "Appellate briefs of

2

parties are not part of the record on appeal, and the appellate court cannot consider facts referred to in appellate briefs." *Ledet v. Nat'l Car Rental Sys., Inc.*, 96-1270, p. 11 (La.App. 3 Cir. 6/4/97), 694 So.2d 1236, 1242. Thus, while we question why these issues are raised by Architectural Solutions (who admittedly is not technically a party to this appeal) and not DDB, we are compelled to agree with Architectural Solutions. Consequently, to the extent that Plaintiffs' brief references "facts" that are not supported by the appellate record before us, the motion to strike is granted.

*Exception of Prematurity*

"A trial court's granting of a dilatory exception of prematurity . . . is a final judgment subject to a manifest error standard of review." *Dietz v. Superior Oil Co.*, 13-657, p. 3 (La.App. 3 Cir. 12/11/13) 129 So.3d 836, 839.

Louisiana law favors arbitration. *Detraz v. Banc One Sec. Corp.*, 13-191 (La.App. 3 Cir. 10/19/13), 123 So.3d 875, *writ denied*, 13-2633 (La. 2/7/14), 131 So.3d 865. In this case, Plaintiffs do not assert that the arbitration clause is not applicable or that it is invalid. They merely argue that it should not be enforced because the other Defendant, Architectural Solutions, cannot be compelled to arbitration. Plaintiffs argue that because the two Defendants have the same principals, they are unnecessarily compounding the litigation costs by seeking to enforce the arbitration clause found in one contract while refusing to submit to arbitration on behalf of the other company. It is clear that there are two separate contracts in this case, and it is not unusual for courts to order that certain claims proceed to arbitration where all claims are not subject to arbitration. Arbitration is a matter of contract, and a party who did not contract to arbitration cannot be compelled to submit thereto. *Gunderson v. F.A. Richard & Assocs., Inc.*, 05-917

3

(La.App. 3 Cir. 8/23/06), 937 So.2d 916.  Therefore, we find no manifest error in the trial court's granting of DDB's exception of prematurity.

*Dismissal*

"The failure of a party to arbitrate in accordance with the terms of an agreement may be raised either through a *dilatory* exception of prematurity demanding dismissal of the suit or by a motion to stay the proceedings pending arbitration." *Gary v. Moncla Well Servs., Inc.*, 97-1131, p. 2 (La.App. 3 Cir. 2/4/98), 706 So.2d 1096, 1097.  Thus, we find Plaintiffs' argument that the trial court erred in dismissing their claims against DDB rather than staying the action against DDB to be without merit.  The trial court did not err in dismissing Plaintiffs' claims.

*Alleged Waiver of Right to Arbitration*

The petition in this case was filed on June 22, 2010.  DDB filed the exception of prematurity on August 10, 2010, and had it set for hearing on September 7, 2010.  Plaintiffs at first requested that the hearing be rescheduled for November 3, 2010.  Before that hearing could be held, Plaintiffs again filed a motion to continue without date.  DDB again had the matter set for hearing, and Plaintiffs again requested a continuance.  The hearing was finally held on October 28, 2013.  Plaintiffs argue that DDB waived its right to arbitration because it waited more than three years to have its exception heard and participated in the litigation.  The burden of proving a waiver of arbitration is on the party alleging the waiver, in this case Plaintiffs.  *Lincoln Builders, Inc. v. Raintree Inv. Corp. Thirteen, et al.*, 37,965 (La.App. 2 Cir. 1/28/04,  866 So.2d 326.  Furthermore, the Louisiana Supreme Court has noted that "[b]ecause of the strong public policy favoring the right to demand arbitration, a party's otherwise explainable conduct should be construed against waiver of the right" and "[o]nly in extreme cases have

4

courts found waiver of the right to demand arbitration." *Matthews-McCracken Rutland Corp. v. City of Plaquemine*, 414 So.2d 756, 757 (La.1982). Thus, we find Plaintiffs' waiver argument to be without merit since all of the continuances were as a result of Plaintiffs' own motions.

## DECREE

The motion to strike filed on behalf of Architectural Solutions, LLC is hereby granted. The trial court's granting of the exception of prematurity and dismissing the claims of Mark McDonnell and Marie McDonnell against Detail Design-Build, LLC, is hereby affirmed. All costs of this appeal are assessed to Plaintiffs-Appellants, Mark McDonnell and Marie McDonnell.

**AFFIRMED.**