# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 17-401


**JOSEPH BARLOW**

**VERSUS**

**MARK GARBER, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20163906
HONORABLE JULES DAVIS EDWARDS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Billy Howard Ezell, and Phyllis M. Keaty, Judges.


**AFFIRMED.**

**David F. Rutledge**
**Blaine James Barrilleaux**
**330 Settlers Trace Blvd., Suite B**
**Lafayette, LA 70508**
**(337) 406-8759**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Joseph Barlow**

**Todd M. Swartzendruber**
**Stephen J. Oats**
**Oats & Marino, APLC**
**100 E. Vermilion St., Suite 400**
**Lafayette, LA 70501**
**(337) 233-1100**
**COUNSEL FOR DEFENDANTS/ APPELLEES:**
     **Berkley Insurance Company**
     **Rob Reardon, as Director of Corrections of Lafayette Parish**
     **Mark Garber, Sheriff of Lafayette Parish**

**EZELL, Judge.**

Joseph Barlow appeals a decision of the trial court dismissing his petition for damages for injuries based on an exception of prematurity and an exception of prescription and abandonment filed by the Defendants. For the following reasons, we affirm the judgment of the trial court.

## FACTS

Mr. Barlow was incarcerated at the Lafayette Parish Correctional Facility when he claims he slipped and fell in a puddle of water while performing kitchen duties on two separate occasions in July and August 2015. Mr. Barlow contends that the puddles on the floor resulted from water flowing from an open pipe below the sink into a bucket that overflowed onto the floor. As a result of the falls, Mr. Barlow alleges that he suffered injuries to his neck and back.

On July 22, 2016, Mr. Barlow filed suit against Rob Reardon, as the Director of Corrections for Lafayette Parish, Mark Garber, as the Sheriff of Lafayette Parish, and Berkley Insurance Company. In response, the Defendants filed an exception of prematurity alleging that Mr. Barlow failed to exhaust the administrative remedies provided in the Lafayette Parish Corrections Center handbook. The Defendants also filed an exception of prescription and abandonment. A hearing on the exceptions was held on January 30, 2017. On that same day, the trial court signed a judgment sustaining both the exception of prematurity and the exception of prescription and abandonment and dismissing Mr. Barlow's claims against the Defendants. Mr. Barlow then filed the present appeal.

## DISCUSSION

Mr. Barlow claims that the exception of prematurity should have been denied for several reasons. First, he claims that the grievance section of the handbook does

not apply to injury claims resulting from falls due to negligence and/or premises liability. Secondly, he claims that the Defendants had sufficient notice of his complaint. Finally, Mr. Barlow claims that the Defendants failed to provide sufficient evidence that he received a revised handbook and was informed of the new procedures.

When an action has been brought before the right to enforce it has accrued, it will be subject to an exception of prematurity under La.Code Civ.P. art. 926(A)(1). *Crooks v. Louisiana Pac. Corp.*, 14-724 (La.App. 3 Cir. 12/10/14), 155 So.3d 686. "The function of an exception of prematurity is to determine whether a judicial cause of action is not available yet because of some unmet prerequisite condition." *Id*. at 688. The burden of proving prematurity is on the defendant pleading the exception of prematurity. *Fontenot v. S. Energy Homes, Inc.*, 07-1114 (La.App. 3 Cir. 3/5/08), 978 So.2d 549. The trial court's granting of an exception of prematurity is a final judgment subject to the manifest error standard of review unless it involves a question of law. *McDonnell v. Architectural Solutions, LLC*, 14-432 (La.App. 3 Cir. 11/5/14), 150 So.3d 572, *writ denied*, 14-2554 (La. 2/27/15), 161 So.3d 1; *Eldridge v. Heritage Manor, L.L.C.*, 06-718 (La.App. 3 Cir. 11/2/06), 942 So.2d 743.

Pursuant to La.R.S. 15:1171, the sheriff may adopt an administrative remedy procedure at its adult institutions which includes procedures for receiving, hearing, and disposing of any and all complaints and grievances against the department which arise while the offender is in custody, including actions pertaining to personal injuries.

Louisiana Revised Statutes 15:1172 provides, in pertinent part:

> A. Upon adoption of the administrative remedy procedure, in accordance with the Administrative Procedure Act, and the implementation of the procedure within the department or by the sheriff, this procedure shall constitute the administrative remedies available to offenders for the purpose of preserving any cause of action they may

2

claim to have against the state of Louisiana, the Department of Public Safety and Corrections, or its employees, the contractor operating a private prison facility or any of its employees, shareholders, directors, or officers, or a sheriff, or his employees or deputies. Any administrative remedy procedure in effect on January 1, 2001, including the procedure published in LAC 22:I.325, is deemed to be in compliance with the provisions of this Section.

B. (1) An offender shall initiate his administrative remedies for a delictual action for injury or damages within ninety days from the day the injury or damage is sustained.

. . . .

C. If an offender fails to timely initiate or pursue his administrative remedies within the deadlines established in Subsection B of this Section, his claim is abandoned, and any subsequent suit asserting such a claim shall be dismissed with prejudice. If at the time the petition is filed the administrative remedy process is ongoing but has not yet been completed, the suit shall be dismissed without prejudice.

The Defendants introduced into evidence at the hearing a document signed by Mr. Barlow indicating that he received the Lafayette Parish Correctional Center handbook on March 23, 2015. The same document also indicates that he was briefed on the grievance procedures on March 24, 2015, which he also acknowledged by his signature.

Sonia Vidrine, the operations sergeant with the Lafayette Parish Sheriff's Office who handles grievances, testified that the handbook was revised in 2015 but not until September 8, 2015. Therefore, Mr. Barlow received the 2012 version of the handbook. The 2015 version provided for an electronic system of submitting grievances whereas the 2012 version required that grievances be placed in a locked box. The 2012 version was also the version in effect at the time of Mr. Barlow's two falls in July and August 2015. We will therefore review the 2012 handbook grievance procedures as they apply to Mr. Barlow's case.

3

The grievance procedures in the 2012 handbook provided:

A grievance is a complaint. It must concern a rule of procedure, complaint of expression or misconduct by a deputy in administering such rules or operation of the LPCC. A personal dispute between an offender and an employee is not considered grounds for a grievance.

1) If you have a grievance, you must follow these procedures:
   a) Attempt to resolve the grievance with the deputy.
   b) If unsuccessful, submit a grievance form in the Administrative Remedy Procedure (A.R.P.) box within thirty (30) days of the incident. All grievances must be legible and must provide specific dates, times and persons involved.
   c) The grievance form will be reviewed by the ARP officer and will be turned over to the appropriate staff member for investigation. You will receive a written reply within (14) days from the time they receive your grievance.
   d) If you are dissatisfied with the outcome, you may resubmit the grievance to the appropriate section Lieutenant for further investigation. You will receive a response from the Lieutenant within fourteen (14) days from the time they receive your grievance.
   e) If you are still dissatisfied, you may resubmit the grievance to the Jail Commander or designee. The Jail Commander or designee will reply within fourteen (14) days from the time they receive your grievance.
   f) All grievance appeals to the next level must cite the original grievance number.
   g) This procedure has been instituted so all grievances can be resolved in a timely and orderly fashion.

A grievance will only be considered valid if the situation affects you personally. The following issues will be rejected: Court decisions, Pardon and Parole Board decisions, work release decisions, Department of Corrections (DOC) time sheets, DOC responsibilities, disciplinary hearing board decisions, grievances filed for an offender by another offender, premature grievances, failure to summarize complaint in the space provided on the form, the offender has requested a remedy for more than one incident on the same form and grievances filed more than thirty (30) days after the date of the incident. In the event that multiple grievances are received from different individuals regarding the same incident, only one will be accepted and answered. The offender refuses to cooperate with inquiry into his allegation, the grievance may be denied due to lack of cooperation.

Mr. Barlow argues that the grievance procedures do not address injury claims.

However, the Defendants assert that the "operation of the LPCC" pertains to the

4

personal injury claims asserted by Mr. Barlow. They claim that Mr. Barlow's allegations in his petition indicate that he was injured as a result of a dangerous condition of water flowing from an open pipe below the sink into a bucket in the kitchen which resulted in water overflowing onto the floor. Mr. Barlow also alleged that there were no warning signs of this dangerous condition on the premises.

We agree with the Defendants that the grievance procedures clearly apply to complaints about the operations at the Lafayette Parish Correctional Center. Mr. Barlow makes a claim that he was injured as a result of dangerous operations at the Lafayette Parish Correctional Center in the kitchen area, i.e., overflowing water which puddled on the floor and failure to warn of its existence and to clean it up.

Further, we do not find that the administrative remedy is inadequate and confusing so that it deprived Mr. Barlow of his right to pursue an injury claim. In making this argument, Mr. Barlow relies on *Wallace v. CEO Group, Inc.*, 11-863 (La.App. 3 Cir. 2/1/12), 84 So.3d 750. In that case, the inmate made several attempts to have his complaints addressed by pursuing the proper administrative remedies. Once the inmate started the administrative process as outlined, there were no directions as to how he was to proceed for further review so that the administrative remedies were inadequate.

In the present case, Mr. Barlow never started the administrative process at all. He clearly had to file a grievance form and place it in the Administrative Remedy Procedure Box. Evidence at the hearing was introduced that Mr. Barlow followed this procedure, although after these incidents, on November 8, 2015, for another matter. Mr. Barlow clearly was aware of the administrative procedures he needed to follow but chose not to do so when he fell in July and August 2015.

Mr. Barlow also argues that the Defendants had sufficient notice of his claim because each fall was witnessed by a deputy and he was escorted by a deputy to a nurse where his statement was recorded. Additionally, Mr. Barlow references a letter his attorney wrote to Director Reardon on October 27, 2015, requesting an MRI of Mr. Barlow's neck and back in addition to requesting the name of the liability insurer.

We agree with the Defendants that the record is devoid of any evidence that Mr. Barlow was escorted by a deputy to a nurse where his statement was recorded. An appellate court cannot consider evidence which is only referred to in briefs and not part of the record on appeal. *Bradford v. Avoyelles Parish Sheriff Dept.*, 16-831 (La.App. 3 Cir. 7/5/17), ___ So.3d ___.

Furthermore, Ms. Vidrine testified that the Administrative Remedy Procedures do not go to the warden. It is processed by the Administrative Remedy Procedure Officer and the department manager who handles the complaint and has the final say over the result of the grievance. Mr. Barlow cannot circumvent the grievance procedures as outlined by the Lafayette Parish Correctional Center with procedures of his own choosing. He is required to follow the administrative procedures as outlined in the handbook.

The Defendants established that an administrative remedy existed for Mr. Barlow's claim. The burden then shifted to Mr. Barlow to show that his administrative remedies have been exhausted or that those remedies are irreparably inadequate. Mr. Barlow has failed to do so. On the record before us, we find no error in the trial court's dismissal of Mr. Barlow's suit as premature.

Mr. Barlow never submitted a grievance form to the Administrative Procedure Remedy box. Therefore, he did not exhaust his administrative remedies and the exceptions of prematurity and prescription and abandonment were properly granted.

For the reasons set forth in this opinion, the judgment of the trial court granting the Defendants' exception of prematurity and exception of prescription and abandonment is affirmed. Costs of appeal are assessed to Joseph Barlow.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2-16.3.